Wendy Kinsella, Esq.
Harris Beach LLP
Attorneys for Debtors
One Park Place
300 S. State Street
Syracuse, New York 13202

Jeffrey A. Dove, Esq.
Menter, Rudin & Trivelpiece, P.C.
Attorneys for Algonquin Power Corp., Inc.
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498

Amy F. Quandt, Esq.
Trial Attorney
Office of the U.S. Trustee
10 Broad Street
Utica, New York 13501

Re:   Franklin Industrial Complex, Inc.    Case No. 01-67459
      Christine Falls of New York, Inc.    Case No. 01-67458
      Trafalgar Power Inc.                 Case No. 01-67457  (main case)
      Chapter 11 Jointly Administered

## LETTER DECISION and ORDER

Before the Court is the Second Interim Fee Application ("Fee Application") filed by the Bonadio Group ("Bonadio") covering the period October 3, 2005 through May 31, 2006. The Application seeks a fee of $90,756 with no request for reimbursement of expenses.

The Fee Application first appeared on the Court's motion calendar at Utica, New York on September 26, 2006, and was thereafter consensually adjourned from time to time until February 27, 2007, at which point the parties argued their respective positions with regard to the Fee

2

Application.[1]  The remaining objection to the Fee Application, interposed by Algonquin Power Corporation, Algonquin Power Systems, Inc., Algonquin Power Fund (Canada) Inc., Algonquin Power Income Fund, Algonquin Power Systems New Hampshire, Inc., and Algonquin Power (U.S.)Holdings, Inc. (collectively the "Algonquin Entities"), has not been resolved and is the subject of this Letter Decision and Order.[2]

The Algonquin Entities urge several objections to the Fee Application.  Initially, they point out that in its First Interim Application, Bonadio indicated that it would be its "first and final fee application."  Secondly, the Algonquin Entities repeat their assertion that Bonadio is incapable of proving that their services have provided any benefit to the Debtors' estates.  Thirdly, it is asserted that Bonadio has failed to provide:   a) a summary of services rendered; b) the percentage of work it has done and what work remains; and, c) the Debtors' ability to compensate Bonadio in the event this Court awards any fees to it.

In its response to the Algonquin Entities, Bonadio, through the Affidavit of Jeffrey G. Lewis, CPA, its employee, asserts that it was directed by the Debtors to reconcile and recreate the income and expenses of the various hydroelectric plants owned by the Debtors, but operated by the Algonquin Entities, for both pre and post-petition periods.  In addition, Bonadio was directed to analyze the structure and repayment of the so-called "A" and "B" Notes held by the Algonquin

---

[1] Initially, the U.S. Trustee interposed an objection to the Fee Application; however, by letter dated February 23, 2007, that objection was withdrawn based upon Bonadio's agreement to reduce its Fee Application by $9,075.60 to satisfy the U.S. Trustee's objection that not all of Bonadio's services benefitted the Debtors' estates.

[2] This is the second time the Algonquin Entities have objected to a fee application filed by Bonadio. By a Letter Order dated May 12, 2006, this Court granted fees of $47,747.50 and reimbursement of expenses of $1591.41 to Bonadio over the objections of the Algonquin Entities.

3

Entities in light of a Management Agreement entered into by and between these parties. Bonadio contends that at the time of the Fee Application, it was hindered in its analysis by the failure of the Algonquin Entities to provide proper documentation.

With regard to the issue of benefit to the estate, Bonadio argues that once it completes its work, it believes that it can demonstrate "chronic and long term mismanagement of the (hydroelectric) Plants on behalf of ( the Algonquin Entities), as well as improper application of payments on the A and B Notes." (*See* Affidavit of Jeffrey G. Lewis, CPA, sworn to on February 22, 2007, at ¶ 21).

At the oral argument held on February 27, 2007, Debtors' counsel, Wendy Kinsella, Esq., asserted that the report being prepared by Bonadio was not yet complete, but would be available prior to May 1, 2007, the date on which the parties are to exchange expert reports in connection with litigation presently pending between the Debtors and the Algonquin Entities in the U.S. District Court for the Northern District of New York ("District Court litigation"). Jeffrey Dove, Esq., attorney for the Algonquin Entities, questioned whether Bonadio was even appointed to examine the A and B Notes, and opined that he did not believe that Debtors intended to utilize Bonadio as their expert in the District Court litigation.

A review of the Debtors' application, dated May 5, 2005, submitted in support of Bonadio's appointment, would appear to encompass general authorization for Bonadio's examination of the amortization of the A and B Notes. In fact, in footnote 5 to this Court's Letter Order, dated May 12, 2006, it noted, "[t]he Court observes that Bonadio's forensic accounting is intended to support allegations of certain 'accounting improprieties' in connection with alleged obligations due and owing to the Algonquin Entities identified generally as the 'A' and 'B' notes."

4

The Algonquin Entities' assertion that Bonadio is incapable of demonstrating the benefit of its services to the bankruptcy estates finds some support in the now resolved objection of the U.S. Trustee; however, the Court notes that the basis of that objection was more procedural than substantive and as indicated has now been resolved.[3] The Algonquin Entities also contend that Bonadio's services are being provided, not for the benefit of the bankruptcy estates, but "in furtherance of a personal vendetta by the Debtors' principal." (*See* Algonquin's Objection to Second Application dated August 24, 2006, at ¶ 9.)

Because of the nature of the work being performed by Bonadio, the Court understands that "benefit to the estate" is a factor that necessarily needs to be fully developed at a later point in time. In the interim, however, Bonadio cannot be expected to provide uncompensated services on a continuing basis. Conversely, the Court points out that Bonadio's current practice of filing fee applications that bear no resemblance to an application prepared in accordance with the U.S. Trustee Guidelines, limits the ability of the Court as well as other parties in interest to effectively analyze and assess factors such as benefit to the estate. Like the Algonquin Entities, the Court is also in the dark as to what information Bonadio provided to the U.S. Trustee that resulted in the withdrawal of her objection.

Having considered all of the factors relevant to the Fee Application, including the motivation for the Algonquin Entities to frustrate the work of the Debtors' professionals performed in anticipation of the ongoing litigation between the parties in both this Court and the U.S. District

---

[3] At the argument of the motion on February 27th, following the representation of the U. S. Trustee that she had resolved her objection to the Fee Application with Debtors' counsel, Attorney Dove indicated his intention to seek full disclosure of the specific basis for the resolution of the objection since there was little information placed on the record.

5

Court, the Court will approve Bonadio's fees for the period October 3, 2005 through May 31, 2006, in the reduced amount of $81,680.40, however; in light of the yet to be fully determined benefit to the estate, the Court directs that one quarter of that amount, or $20,420.00, be held back pending a further review of the Fee Application at a point in time when the ultimate benefit to the bankruptcy estate can be fully assessed. *See In re Microwave Products of America, Inc.,* 102 B.R. 661, 666 (Bankr. W.D. Tenn. 1989); *In re Command Services Corp.,* 85 B.R. 230, 234 (Bankr. N.D.N.Y. 1988).

Based on the foregoing, it is

ORDERED, that the Fee Application is approved for immediate payment in the sum of $61,260.40.[4]

Dated at Utica, New York

this 13th day of April 2007

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

---

[4]As provided in its Letter Order of May 12, 2006, the Court makes no direction as to the source of payment of the fees awarded herein in light of the continuing position of the Algonquin Entities that the ongoing revenues of the Debtors constitute their cash collateral.